**Earl CHAPLES**

v.

**GILCO, INC. and Aetna Casualty and
Surety Company.**

Supreme Judicial Court of Maine.

Aug. 13, 1971.

Grossman, Faber & Miller by Barry M. Faber, Rockland, for plaintiff.

Locke, Campbell & Chapman by Harry N. Starbranch, Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is an appeal by the Employee from a pro forma decree of the Superior Court approving a decision of the Industrial Accident Commission.

There are only two issues to be decided:

1. Can the Appellees be ordered to pay for necessary diagnostic medical service rendered the Appellant in Boston by a non-resident physician, who is not licensed to practice in Maine?

2. Can the Appellees be ordered to pay the costs of taking the deposition of this Boston doctor for the sole purpose of perpetuating his testimony?

The facts are not in dispute. The Appellant was injured in an industrial accident and received medical and surgical treatment in Maine, for which payment was made by the Appellees. Prior to surgery, the Appellant was sent to Boston by ambulance on order of his Maine doctor, who had been selected by the Appellant, for purposes of diagnosis, the expenses being as follows:

| | |
|---|---|
| New England Medical Center | $ 758.20 |
| Warren J. Courville, M.D. | 75.00 |
| Ambulance Service | 175.00 |
| | $1,008.20 |

It was agreed that there was a medical need for this diagnosis and that the total cost therefor, $1,008.20, was fair and reasonable. The Appellees were not given prior notice of the proposed trip to Boston for this purpose.

The Commission concluded: A.) There is no statutory authority for ordering the payment of such medical services obtained from a physician not on the panel selected pursuant to 39 M.R.S.A. § 52;[1] B.) The perpetuation of testimony is not "discovery" and, therefore, not within the provision of 39 M.R.S.A. § 93(3).[2]

The law is well settled that reasonable transportation costs necessarily incident to receiving medical treatment are compensable. Newberry v. Youngs, (1956) 163 Neb. 397, 80 N.W.2d 165; Huhn v. Foley Bros., (1946) 221 Minn. 279, 22 N.W.2d 3.

Examination for diagnostic purposes, including hospitalization, falls within the medical services for which there may be payment under the Workmen's Compensation Act. Travelers Insurance Co. v. Hernandez, (5 Cir. 1960) 276 F.2d 267.

In the instant case the referring Doctor was on the panel of physicians selected by the Industrial Accident Commission, as required by the Statute (see n. 1), but the Diagnostician was not. In order that the Maine Doctor might render proper surgical treatment he felt it necessary to have the opinion of Dr. Courville, and there is nothing in the record to suggest any error in this medical judgment. We consider this diagnosis to be within the "proper medical, * * * and hospital services" to which the Employee is entitled under the Act. We,

1. "An employee sustaining a personal injury by accident arising out of and in the course of his employment or is disabled by occupational disease shall be entitled to reasonable and proper medical, surgical and hospital services, nursing, medicines, and mechanical, surgical aids, as needed, paid for by the employer. An injured employee shall have the right to make his own selection of a physician or surgeon authorized to practice as such under the laws of the State from a panel of physicians and surgeons selected by the Industrial Accident Commission, for the services set forth."

2. "In all proceedings before the Industrial Accident Commission, all forms of discovery available in civil actions in the Superior Court under the Maine Rules of Civil Procedure, as amended, shall be available to any of the parties in said proceedings. * * * *"

therefore, hold that a physician on the panel is not limited to other medical experts on the same panel from whom he may obtain diagnostic advice. This, of course, is limited by the necessities of a given case and the reasonableness of the charges, over which the Commission has discretionary supervision.

Neither Party has furnished us any specific authority to support, or negate, this conclusion. However, we note the provisions of the Council of State Governments Draft, § 12(b) which require the employer to maintain a "Panel of Physicians" from whom the employee may make his selection and which also contains this provision: "The physician selected under this paragraph may arrange for any consultation, referral, extraordinary or other specialized medical services as the nature of the injury shall require. * * *" Larson on Workmen's Compensation Law, § 61.12 at 88.234, n. 34.

The Workmen's Compensation Act does not limit the authorized panel to resident Maine physicians but only to physicians "authorized to practice as such under the laws of the State," there being no residence requirement in 32 M.R.S.A. § 3252 under which physicians and surgeons may be examined, registered and licensed to practice in Maine. Nor do we feel that the Legislature meant to restrict a licensed panel physician to one similarly situated when, to render the medical and surgical services required by the patient, the diagnostic services of a non-licensed physician become necessary.

The Appellees urge a narrow construction of the Act by this argument: "If the employee is to have carte blanche to go wherever and to whomever he may wish at employer's expense, there would be no limit to the amount for which the employer could be held accountable. Why stop at Boston? Why not a flight to the West Coast or Europe for hospitalization and an examination by any specialist that might be recommended to employee?"

In Ward v. Dixie Shirt Co., (1953) 223 S.C. 448, 76 S.E.2d 605, 610, the South Carolina Commission had, over the objection of the employer's insurance carrier, authorized an injured employee to be examined in Atlanta, Georgia, by medical experts on the advice of his local attending physician, and it was held:

"It is stated in appellants' brief: 'The statute merely allows the Commission to send the claimant to a doctor, but the statute cannot be extraterritorial in nature and could only embrace the jurisdiction of the State of South Carolina.' It is contended that there are competent neurosurgeons in South Carolina and to send claimant to Atlanta, Georgia, for examination adds unnecessarily to the liability of appellants for medical expenses and that the Atlanta physicians could not be compelled to attend court in South Carolina. These certainly constitute very cogent reasons why ordinarily claimants should be examined by South Carolina physicians. But we find nothing in the Workmen's Compensation Act restricting the Commission to the selection of South Carolina physicians. We would not be warranted in holding that under no circumstances may physicians from other states be used in workmen's compensation cases. The argument is made that if the Commission may send a claimant to Atlanta, it could send them to distant points and thereby impose an undue hardship on insurance carriers. *But if the Commission should abuse its discretion in this respect, such abuse is subject to correction by the courts.*" (Emphasis added.)

We adopt this reasoning, and note that the Commission has discretionary supervision over both the necessity for medical services and the reasonableness of the charges therefor.

39 M.R.S.A. § 52 (see n. 1) allows the injured employee to *select* his physician from the panel for needed medical or surgical services, but the Act does not

limit the medical judgment of the physician thus selected, nor does it restrict him in doing that which he may consider necessary to treat his patient, provided it meets the tests of necessity and reasonableness.

■ On the facts before us, the diagnosis in issue was necessary, the cost reasonable and, therefore, is compensable and chargeable to the Appellees.

On the second issue before us, the Commission denied the Appellant's request that the Appellees pay the cost of taking Dr. Courville's deposition to perpetuate his testimony. The Commission's decree said this:

"Counsel for the employer and carrier rightly state that a deposition to perpetuate testimony is not a form of discovery, and hence is not within the purview of paragraph 3 of § 93 of the Workmen's Compensation Act. See Maine Civil Practice, Field, McKusick and Wroth, § 27.1 which states in part:

'Although Rule 27 appears under the heading 'Depositions and Discovery' it is not a discovery device.'

Wherefore, Count 4, of the pending Petition, so far as it relates to the taking of the deposition of Dr. Warren J. Courville and related matters is dismissed."

M.R.C.P. Rule 27[3] allows the perpetuation of testimony by deposition either "Before Action" or "Pending Appeal." In either situation, however, the Petitioner is required by the rule to allege the substance of the testimony to be perpetuated

and whatever reasons he may have to take the deposition. The Workmen's Compensation Act adopts the procedural requirements for discovery (See n. 2).

■ In the petition before us the only allegation is that "Said deposition is extremely important to the Petitioner's case as Dr. Courville has vital information and knowledge pertaining thereto * * *." This allegation fails to state the substance of any testimony that Dr. Courville might be expected to give. Nor does it state in anything but conclusory language any reason for taking the deposition. If we assume that such a deposition, although not "discovery" in a technical sense, may be authorized by the Commission exercising its discretionary powers, the petition so requesting must comply with the provisions of the rule. This petition does not meet these standards and is insufficient to serve as a vehicle for authorizing the taking of the deposition.

While we are not required in this case to decide definitively whether Rule 27, supra, is applicable to the Workmen's Compensation Act because the perpetuation of testimony might not be "discovery," we are aware of the right of the Commission to supervise compensation of an injured employee during the entire period of his disability. Either the employee or the insurance carrier may institute petitions for various reasons during this period and the matter thus remains pending in the sense that the case is active on the Commission docket until all rights to compensation have been exhausted. We can envision situations where it might be vital to the interests of either side to perpetuate relevant testimony in order that the bene-

---

3. "(a) Before Action.
(1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the state may file a verified petition in the Superior Court in the county of the residence of any expected adverse party; * * * *"

"(b) Pending Appeal. If an appeal has been taken from a judgment * * * the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in that court. * * *"

ficial purposes underlying the Act may be utilized to best advantage.

We find no error in the ultimate conclusion of the Commission in denying the petition, but we limit ourselves to the deficiencies in the petition.

The entry is

Appeal sustained as to the first issue; appeal denied as to the second issue. Remanded to the Industrial Accident Commission for entry of an appropriate order consistent with this opinion. Ordered that an allowance of $350.00 to cover fees and expenses of counsel, plus costs of the record, be paid by the Appellees to the Appellant.