**UNITED STATES of America,**
**Appellee,**

v.

**Danny Richard MASSINGALE et al.,**
**Appellants.**

**No. 74–1125.**

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1974.

Decided Aug. 1, 1974.

T. K. Alexander, Columbia, S. C., for appellants Massingale; James W. Cothran, Bishopville, S. C., for appellant Wilie; (James C. Anders, Columbia, S. C., on brief, for appellants).

Oscar W. Bannister, Jr., Asst. U. S. Atty. (John K. Grisso, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

These defendants were indicted, tried and convicted of the crime of kidnapping in violation of 18 U.S.C. § 1201, as amended. The only issue on this appeal is whether the district court properly denied the defendants' motion for twenty peremptory challenges granted to one charged with a capital crime under Rule 24(b), Fed.R.Crim.P., and to a list of the Government's witnesses required to be furnished in a capital case under 18 U.S.C. § 3432.

If this case presented nothing more than the declaration of the unconstitutionality of the death penalty provision of section 1201 by the Court in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), we would be faced with the dilemma which has confronted the courts in the wake of Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972), and which was thoroughly discussed by Judge Winter in United States v. James A. Watson, 496 F.2d 1125 (4 Cir. 1973). However, the 1972 amendment of Section 1201 by the Congress, which eliminated the death penalty, removed kidnapping from the classification of a capital offense and, accordingly, the defendants were not entitled to the benefit of either the rule or statutory section upon which their motion was based.

The judgments of conviction are affirmed.

Affirmed.