422 A.2d 1281 (1980)
UNITED STATES, Appellant,
v.
Willie BROWN, Jr., Appellee.
No. 79-1016.
District of Columbia Court of Appeals.
Argued April 9, 1980.
Decided October 14, 1980.
*1282 Richard C. Bicki, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and James M. Hanny, Asst. U. S. Attys., Washington, D. C., were on brief, for appellant.
Joseph D. Gallagher, Rockville, Md., appointed by the court, with whom J. Theodore Wieseman, Rockville, Md., was on brief, for appellee.
Before KELLY, NEBEKER and PRYOR, Associate Judges.
NEBEKER, Associate Judge:
The government appeals from the trial court's grant of appellee's motion to dismiss. There are two issues presented:[1] whether the offenses of armed rape and armed assault with intent to kill under D.C. Code 1973, §§ 22-2801, -3202, -501, are subject to the general statutes of limitation prescribed in 18 U.S.C. §§ 3281, 3282 (1976), and if so, whether rape is a capital offense subject to no limitation (18 U.S.C. § 3281), rather than to the five-year limitation of 18 U.S.C. § 3282. We hold that the general statutes of limitation apply and that rape is a noncapital offense. We affirm.

I
On March 23, 1979, appellee was arrested on a charge of rape alleged to have occurred on January 6, 1974. Subsequently, on April 25, 1979, he was indicted on charges of rape while armed and assault with intent to kill while armed. Appellee moved to dismiss asserting that the indictment was returned over five years after the offenses had occurred and was, therefore, barred by the statute of limitations. The trial court granted the motion, holding the offenses to be noncapital and barred by the five-year period of limitation.
It is contended that the federal statutes of limitation, 18 U.S.C. §§ 3281, 3282, do not apply to felonies prosecuted in Superior Court. The government argues that passage *1283 of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No.91-358, 84 Stat. 473 (Court Reform Act) rendered § 3282 inapplicable to subsequent local court prosecutions because Congress failed to include a criminal statute of limitations. We reject the government's reasoning.
Federal statutes did govern criminal actions brought in the District of Columbia prior to 1970. Gompers v. United States, 233 U.S. 604, 34 S.Ct. 693, 58 L.Ed. 1115 (1914); Bramblett v. United States, 97 U.S. App.D.C. 330, 231 F.2d 489, cert. denied, 350 U.S. 1015, 76 S.Ct. 658, 100 L.Ed. 874 (1956). Those provisions have been held to apply to D.C.Code offenses. Askins v. United States, 102 U.S.App.D.C. 198, 251 F.2d 909 (1958); Askins v. United States, 97 U.S. App.D.C. 407, 231 F.2d 741, cert. denied, 351 U.S. 989, 76 S.Ct. 1054, 100 L.Ed. 1502 (1956).
The statutory basis for application of the United States Code sections here in question is found in Congress' enactment of D.C.Code 1973, § 49-301 which reads as follows:
The common law, all British statutes in force in Maryland on February 27, 1801, the principles of equity and admiralty, all general Acts of Congress not locally inapplicable in the District of Columbia, and all Acts of Congress by their terms applicable to the District of Columbia and to other places under the jurisdiction of the United States, in force in the District of Columbia on March 3, 1901, shall remain in force except in so far as the same are inconsistent with, or are replaced by, some provision of the 1901 Code.
By this provision Congress chose to make its general laws applicable to the District of Columbia unless those laws were "locally inapplicable" or inconsistent with some other provision of the District of Columbia Code. See Nuckols v. United States, 69 U.S.App.D.C. 120, 99 F.2d 353 (1938). There is no question that 18 U.S.C. §§ 3281, 3282, are "general Acts of Congress." See United States v. Waggener, 138 F.Supp. 107, 108 (D.C.Colo.1956), cited with approval in Roberts v. United States, 239 F.2d 467, 470 (9th Cir. 1956). Nothing on the face of those sections, or anywhere in their history would suggest that they are "locally inapplicable in the District of Columbia." They are not inconsistent with any provision of the District of Columbia Code. We hold that the language of D.C.Code 1973, § 49-301, makes these federal statutes of limitation applicable in the District of Columbia.
We note that Congress has unwaveringly embraced a "policy of repose" in the prosecution of crimes. Bridges v. United States, 346 U.S. 209, 215-16, 73 S.Ct. 1055, 1059, 97 L.Ed. 1557 (1953). Indeed, such a policy has been deemed "fundamental to our society and our criminal law." Id. at 216, 73 S.Ct. at 1059. It is very unlikely, therefore, that Congress would have intended, without explicitly so stating, that passage of the Court Reform Act would operate to abolish time limitations on criminal prosecutions brought in District of Columbia courts. In enacting the statutes of limitation, Congress underscored the necessity of protecting individuals from having to defend themselves when facts may have been obscured over time and sought to encourage prompt and efficient law enforcement. See Toussie v. United States, 397 U.S. 112, 113-14, 90 S.Ct. 858, 859, 25 L.Ed.2d 156 (1970).

II
The government also argues that since the statute of limitations contained in 18 U.S.C. § 3282 applies only to noncapital offenses, it is not applicable in this case to the offense of rape. Section 3282 provides:
Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.
The government urges that rape is a capital offense, although punishable under the D.C. statute with a maximum sentence of life imprisonment, by arguing that a capital offense is to be determined by the "nature *1284 of the offense" rather than the maximum punishment statutorily authorized.[2] It contends that since rape has always been considered a very serious offense and has in the past been punishable by death, a Congressional reduction in the sentence imposed cannot vary the inherent "capital" nature of the crime.
In the face of the language of the statute, the government's rationale for excluding rape from the statute of limitations on the basis that the character of the crime is still that of a capital offense is unpersuasive. There is no question that a capital crime is defined as one punishable by death. See generally Annot., 11 A.L.R.Fed. 713, § 3 (1972). See, e. g., United States v. Massingale, 500 F.2d 1224 (4th Cir. 1974) (congressional elimination of death penalty from kidnapping statute removed kidnapping from classification of capital offense). It is true, rape has, both at common law and in the District of Columbia, been, variously treated as a capital and noncapital offense.[3] However, by enacting the Court Reform Act, Congress expressly changed the maximum prescribed penalty for rape from death to life imprisonment. Congress is presumed to have been aware of existing statutes. Kansas City, Mo. v. Federal Pacific Electric Co., 310 F.2d 271, 275 (8th Cir.), cert. denied, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962). Accordingly, a change in legislative language gives rise to the presumption that a change was intended in legislative result. In re Phoenix Hotel of Lexington, 83 F.2d 724, 727 (6th Cir.), cert. denied sub nom. Security Trust Co. v. Baker 299 U.S. 568, 57 S.Ct. 31, 81 L.Ed. 418 (1936). If Congress had in fact foreseen at the time of the enactment of 18 U.S.C. § 3282, that rape would later be a noncapital offense, there is no evidence it would have "so varied its comprehensive language as to exclude" rape from the purview of the statute. See Puerto Rico v. Shell Co., 302 U.S. 253, 257, 58 S.Ct. 167, 169, 82 L.Ed. 235 (1937) (Sherman Antitrust Act forbidding restraint of trade in any "territory" of the United States applies to Puerto Rico).
The government argues that Congress only changed the maximum penalty for rape in response to the Supreme Court's holding in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), which declared unconstitutional a death penalty provision similar to that in force in the District of Columbia. Thus, it argues, where the penalty has been changed from death to imprisonment in response to a constitutional challenge, the offense should still be considered a capital offense. In support of this proposition the government argues that the result should be the same as in states where the death penalty still exists but is constitutionally unenforceable. In that case, some courts have still treated the crime as a capital offense. See State v. Zarinsky, 143 N.J.Super. 35, 362 A.2d 611 (1976), aff'd, 75 N.J. 101, 380 A.2d 685 (1977). We reject the government's rationale for "a court has a different role when determining the ramifications of a judicial holding that a death penalty provision is unconstitutional, from that when Congress has taken some action on the matter." United States v. Provenzano, 423 F.Supp. 662, 666 (S.D.N.Y.1976), aff'd, 556 F.2d 562 (2d Cir.1977) (Congress' change of the criminal penalty for kidnapping from *1285 death to imprisonment determined that kidnapping was no longer a capital offense). See also United States v. Narciso, 446 F.Supp. 252, 263 n.4 (E.D.Mich.1977).
Accordingly, rape in the District of Columbia, with a statutory maximum sentence of life imprisonment, is a noncapital offense subject to the statute of limitations of 18 U.S.C. § 3282. The order dismissing the indictment is
Affirmed.
NOTES
[1] Appellee also raises alternative grounds for sustaining the trial court's ruling, arguing that due process requires the dismissal of the indictment. We decline to reach this constitutional issue as we find adequate support for the trial court's decision on statutory grounds.
[2] If rape is a capital offense, the statute of limitations would then be controlled by 18 U.S.C. § 3281 which reads:

An indictment for any offense punishable by death may be found at any time without limitation except for offenses barred by the provisions of law existing on August 4, 1939.
[3] The statute of 13 Edward I, Ch. 34 (1285) which imposed a punishment of "Judgment of life and of member" for one found guilty of rape was in force in Maryland prior to 1801. See Md.Const. of 1776, Decl. of Rts., Art. 5. It was later incorporated into the law of the District of Columbia by Act of Feb. 27, 1801, 2 Stat. 103. Federal rape statutes likewise provided for the death penalty. Act of March 3, 1825, 4 Stat. 115, Rev.Stat. Title LXX, Ch. 3, § 5345 (1878). However, the punishment for rape in the District was changed in 1831 to imprisonment. See Act of March 2, 1831, 4 Stat. 448. It remained so until 1901 when the death penalty was revived by the Act of March 3, 1901, 31 Stat. 1322. In 1970 Congress once again reduced the punishment for rape to a maximum of life imprisonment. See D.C.Code 1973, §§ 22-2801, 3202.