George R. **LEE**, III, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

**Al Gleeson Electrical Company, et al., Intervenors.**

**No. 85–230.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1985.

Decided May 15, 1986.

---

Peter J. Vangsnes, Washington, D.C., with whom David M. LaCivita, Landover, Md., was on brief for petitioner.

Edward E. Schwab, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Michael F. Flynn, Jr., Washington, D.C., with whom Geoffrey S. Gavett was on brief, for intervenors.

Before PRYOR, Chief Judge, and MACK and NEWMAN, Associate Judges.

MACK, Associate Judge:

George Lee petitions this court for review of a decision of the District of Columbia Department of Employment Services (DOES). The agency denied Lee's application for workers' compensation benefits under the District of Columbia Workers' Compensation Act, D.C.Code § 36–301 *et seq.* (1981 & 1985 Supp.), for the same time period and for the same injury for which he had collected benefits under Maryland law. We affirm.

## I

Lee, a resident of Maryland, is an electrician employed by Al Gleeson Electrical Company of Bladensburg, Maryland. At the time of his injury on August 14, 1982, petitioner was assigned to a job site in the District of Columbia for a two-week project. He applied for workers' compensation benefits both in Maryland (September 1, 1982) and in the District of Columbia (September 7, 1982). On October 18, 1982, the Maryland Workmen's Compensation Commission issued a decision in Lee's favor. The employer complied promptly with the terms of the Maryland award, and paid Lee benefits for two periods of temporary total disability (August 27, 1982 through September 7, 1982 and September 13, 1982 through February 28, 1983).

DOES conducted a hearing on Lee's claim for additional or supplemental benefits under the District of Columbia act on March 29, 1983. The employer argued that Lee's claim was jurisdictionally barred for three reasons. First, Lee's employment was not "principally localized" in the District of Columbia. D.C.Code § 36–303(a). Furthermore, Lee had already received compensation under Maryland law, and to award District of Columbia benefits would violate the prohibition against receiving payments under another state's plan "at the same time." D.C.Code § 36–303(a)(1). Finally, both claimant Lee and his employer were Maryland residents, the contract of hire was entered into in Maryland, and Lee was employed only temporarily or intermittently in the District of Columbia at the time of his injury. D.C.Code § 36–303(a)(3).

The DOES hearing examiner rejected the arguments of employer Gleeson Company, and recommended that Lee be awarded additional benefits under the District of Columbia compensation plan. The employer unsuccessfully appealed the decision within the agency; following exhaustion of its administrative remedies, it petitioned this court for review. However, after the employer and claimant Lee had filed briefs, DOES filed a motion requesting that the case be remanded so that the Department could reconsider its definition of "principally localized." D.C.Code § 36–303(a). The motion was granted, and the case remanded.

On remand, the hearing examiner recommended that compensation be awarded finding that Lee's employment was principally localized in the District of Columbia.

At the highest level of agency review, the Director of DOES denied the claim. However, he relied on alternate grounds, ruling only that the claim was barred because Lee had already received benefits from Maryland. D.C.Code § 303(a)(1). Lee then took this appeal.

## II

■ We begin our analysis by noting that we must uphold the decision of the director [1] unless petitioner Lee can demonstrate that it is

(A) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege, or immunity;

(C) In excess of statutory jurisdiction, authority, or limitations or short of statutory jurisdiction, authority, or limitations or short of statutory rights;

(D) Without observance of procedure required by law, including any applicable procedure provided by this subchapter; or

(E) Unsupported by substantial evidence in the record of the proceedings before the Court.

D.C.Code § 1–1510(a)(3) (1981). Moreover, we must give great weight to any reasonable construction of a regulatory statute that has been adopted by the agency charged with its enforcement. *Hughes v. District of Columbia Department of Employment Services, supra,* note 1, 498 A.2d at 570; *Gomillion v. District of Columbia Department of Employment Services,* 447 A.2d 449, 451 (D.C.1982) (citing *inter alia, Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 381, 89 S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969); *SEC v. Chenery Corp.,* 332 U.S. 194, 209, 67 S.Ct. 1575, 1583, 91 L.Ed. 1995 (1947)). The interpretation of the agency is binding unless it is plainly erroneous or inconsistent with the enabling statute. *Weaver Brothers, Inc. v. District of Columbia Rental Housing Commission,* 473 A.2d 384, 388 (D.C.1984). Consequently, we sustain the agency decision even in cases in which other, contrary, constructions may be equally as reasonable as the one adopted by the agency. *Udall v. Tallman,* 380 U.S. 1, 4, 16, 85 S.Ct. 792, 805, 13 L.Ed.2d 616 (1965); *Coakley v. Police & Firemen's Retirement & Relief Board,* 370 A.2d 1345, 1349 (D.C.1977).

Petitioner Lee has argued that we should not apply the standard just enunciated. He claims that because he challenges an agency interpretation of a statute—*i.e.,* because he raises "a pure question of law" as to the availability of supplemental benefits—this court should show no deference to the agency. However, in both cases cited by the petitioner to support this assertion, the terms construed by the agency were outside its expertise: *Saah v. District of Columbia Board of Zoning,* 433 A.2d 1114 (D.C.1981) (definition of "insurance agent," found elsewhere in D.C.Code); *Gordon v. District Unemployment Compensation Board,* 402 A.2d 1251 (D.C.1979) (application of doctrine of "equitable estoppel"). In contrast, the interpretation here is one basic to the agency's function of awarding compensation. We repeat that the question before us is solely whether the statutory interpretation urged by the agency is a permissible one. *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). We need not decide, nor do we, whether we would have reached the same conclusion had the initial decision been ours to make. *Id.* We conclude, on this record, that the director's decision must be sustained.

## III

■ Specifically, Lee claims that DOES erred when it determined that his claim

---

**1.** The Workers' Compensation Act delegates comprehensive powers to the Mayor; pursuant to the statute, the Mayor in turn delegated his authority to the Director of DOES. *See Hughes v. District of Columbia Dep't of Employment*

*Services,* 498 A.2d 567, 570 (D.C.1985); D.C. Code §§ 36–301(14), –301(18)(D), –302, –305(d), –306, –307, –320, –322, –325, –329, –330, –335(e)(1)(D); Mayor's Order No. 82–126, 29 D.C.Reg. 2843 (1982).

was barred because, when he prevailed in his Maryland claim, he brought himself within the "at the same time" exception to the jurisdictional provisions of the District of Columbia Workers' Compensation Act. That exclusion provides: "No employee shall receive compensation under this chapter and at the same time receive compensation under the workers' compensation law of any other state for the same injury or death." D.C.Code § 36–303(a)(1).[2] We understand petitioner to read this provision as only precluding full recovery from the two jurisdictions "at the same time." He argues that it does not preclude supplemental recovery, at the same time (or successively for the same period). The director, however, construed the phrase as precluding receipt of benefits from the two jurisdictions for the same period.

This question is one of first impression because the District of Columbia Workers' Compensation Act is of relatively recent origin. From 1928 until 1982, workers' compensation claims in the District of Columbia were governed by the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (1976) (Longshoremen's Act). *District of*

*Columbia v. Greater Washington Central Labor Council, AFL–CIO,* 442 A.2d 110, 112 (D.C.1982), cert. denied, 460 U.S. 1016 (1983); D.C.Code § 36–345 (1985 Supp.). The District of Columbia Council, utilizing its legislative authority under the District of Columbia Self-Government and Governmental Reorganization Act, D.C.Code § 1–1201 et seq. (1981), enacted the present workers' compensation plan in 1980. *Id.* at 114; 27 D.C.Reg. 2503 (1980). Because of protracted litigation on the issue of whether the District of Columbia Council had exceeded its power when it passed the act, the new plan did not actually take effect until July 24, 1982. *Id.* at 112; D.C.Code § 36–345 (1985 Supp.).

The Longshoremen's Act contained no provision preventing an injured employee from obtaining additional benefits in the District of Columbia to supplement payments obtained under the law of another state. *See* 33 U.S.C. § 901 et seq. (1976).[3] Under the Longshoremen's Act it became the practice for injured employees to file for workers' compensation benefits in more than one local jurisdiction. *See, e.g., Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 100 S.Ct. 2647, 2670, 65 L.Ed.2d

---

**2.** Employer Gleeson Company, as it has throughout the course of proceedings in this case, asserts two other jurisdictional bars. It maintains its assertion that Lee's claim was precluded because his employment was not principally localized in the District of Columbia and because neither employer nor employee is a District resident, the contract of hire was executed in a jurisdiction other than the District, and Lee was employed only temporarily in the District.

All of the employer's arguments are based on the jurisdictional section of the District of Columbia act, D.C.Code § 36–303. However, the employer need persuade us of only one of his jurisdictional assertions to prevail. Consequently, because we affirm the conclusion of the director, we address the single clause on which the director relied in his disposition of the claim.

Those arguments which we do not address rest on the following provisions:

 (a) This chapter shall apply in respect to the injury or death of an employee of an employer ... irrespective of the place where the injury or death occurs provided that at the

time of such injury or death this employment is principally localized in the District of Columbia, with the following exceptions:

  ＊  ＊  ＊  ＊  ＊  ＊

 (3) An employee and his employer who are not residents of the District of Columbia and whose contract of hire is entered into in another state shall be exempted from the provisions of this chapter while such employee is temporarily or intermittently within the District of Columbia doing work or such nonresident employer, if such employer has furnished workers' compensation insurance coverage under the workers' compensation or similar laws of such other state, so as to cover such employee's employment while in the District of Columbia. The benefits under this chapter or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in the District of Columbia.

D.C.Code § 36–303.

**3.** See discussion of subsequent amendment, *infra* p. 104.

757 (1980). Employees who first received benefits in Maryland or Virginia pursued their claims in the District of Columbia because the maximum benefits available in the District were significantly higher than those available in the surrounding jurisdictions. It was in fact this disparity in benefits, and the consequent disparity in costs to District of Columbia employers, that provided the impetus for the new legislation. *Washington Metropolitan Area Transit Authority v. District of Columbia Department of Employment Services*, 506 A.2d 1127, 1129 (D.C.1986); *Hughes, supra,* 498 A.2d at 569–70.

"[A] change in legislative language gives rise to the presumption that a change was intended in legislative result." *United States v. Brown*, 422 A.2d 1281, 1284 (D.C. 1980). We must begin our search for the intended change by scrutinizing the plain language of the statute. *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983). But even where the words of the statute have a "superficial clarity," considering alternative constructions of the challenged language may reveal ambiguity. *Id.* at 754 (citing *Sanker v. United States*, 374 A.2d 304, 307 (D.C. 1977)). Moreover, we will not follow the literal meaning of a statute when to do so would produce an absurd result. *Varela v. Hi-Lo Powered Stirrups, Inc.,* 424 A.2d 61, 65 (D.C.1980). For example, there is no foundation in logic, history, or law for petitioner's reasoning that the statutory prohibition (against one receiving workers' compensation benefits under the District of Columbia act "at the same time" one is collecting payments under the law of another state) would not apply so long as benefits for the same period were received on different dates. Such a holding indeed would lead to the very absurdity that we must avoid.

Having rejected the "superficial clarity" of a literal reading of the phrase, we need

examine only whether the construction chosen by the director to resolve the ambiguity is a reasonable one. *Chevron, U.S.A., supra,* 104 S.Ct. at 2782. The director determined that "at the same time" should be taken to mean "for the same period." This interpretation serves the stated objective of the District of Columbia City Council to bring the costs and benefits of the District's Workers' Compensation scheme more in line with those of neighboring jurisdictions. *Hughes, supra,* 498 A.2d at 569–70.[4] Moreover, it does not do violence to the well-established principle that workers' compensation statutes are remedial in nature, and designed to provide protection to the injured worker not available under traditional tort theories. *See, e.g., Rodriguez v. Compass Shipping Co.,* 451 U.S. 596, 616, 101 S.Ct. 1945, 1958, 68 L.Ed.2d 472 (1981); *Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 171–72, 92 S.Ct. 1400, 1411, 31 L.Ed.2d 768 (1972); *Richardson v. Belcher,* 404 U.S. 78, 83–84, 92 S.Ct. 254, 264, 30 L.Ed.2d 231 (1971); *Mason v. District of Columbia,* 395 A.2d 399, 401 (D.C.1978). Typically under these statutes, injured workers' compensation is more certain and more quickly received than damages awarded in tort suits, although the renumeration is lower. *Weber, supra,* 406 U.S. at 171–72; *Mason, supra,* 395 A.2d at 401. These purposes of quick and certain remedy and protection have been adequately served here because payments to the injured worker have already been ordered by the workers' compensation commission of another jurisdiction.

In view of our standard of review, we do not address other constructions urged by the petitioner. They may also be reasonable. For example, petitioner urges that "at the same time" should operate only to bar complete double recovery from two jurisdictions. In fact, the Longshoremen's Act itself was amended in 1984 to exactly that end. Longshoremen's and Harbor

---

**4.** We agree with petitioner that the legislative history of the District of Columbia act reveals no extended discussions or comments throwing definitive light on the specific issue considered here.

Workers' Compensation Act Amendment of 1984, Pub.L. No. 98–426, 98 Stat. 1639, 1641, codified at 33 U.S.C. § 903(e) (1986). Permissible or reasonable, then, as petitioner's construction might be, we reject it because the construction chosen by the director is also reasonable and permissible.

*Affirmed.*