**MEDICAL ASSOCIATES OF CAPITOL HILL et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 88–992.**

District of Columbia Court of Appeals.

Submitted Sept. 19, 1989.
Decided Oct. 27, 1989.

---

Bonnie J. Brownell, Washington, D.C., was on the brief, for petitioners.

Frederick D. Cooke, Jr., Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., and Martin B. White, Asst. Corp. Counsel, Chevy Chase, Md., were on the brief, for respondent.

Before ROGERS, Chief Judge, SCHWELB and FARRELL, Associate Judges.

ROGERS, Chief Judge:

Petitioners Medical Associates of Capitol Hill and the Hartford Accident & Indemnity Company appeal the decision of the Director of the Department of Employment Services (DOES) affirming the hearing examiner's order to pay the medical expenses of Debra Tabron pursuant to the District of Columbia Workers' Compensation Act of 1979, D.C.Code § 36–301 *et seq.* (1988 Repl.) (the Act). They contend that they are not liable for the expenses of physicians and medical care providers who treated the claimant upon referral of her initial physician because she sought an unauthorized change of physician and the referred physicians were not members of the Mayor's Panel of Approved Physicians (the Panel) established by the Act. *See* D.C. Code §§ 36–307(b)(1) & (3). Furthermore, they argue that medical expenses under the Act do not include those of a chiropractor. We affirm.

I

Debra Tabron injured her back on March 24, 1983, while employed by petitioner Medical Associates of Capitol Hill (Employer). On March 30, 1983, she sought the treatment of Dr. William E. Lightfoote II, who is a member of the Panel. Dr. Lightfoote consulted with Dr. Edger V. Potter, a rheumatologist who became a member of the Panel on July 1, 1983. Dr. Potter treated Tabron in consultation with Dr. Lightfoote and Dr. Michael Reynolds, a non-Panel rheumatologist. Dr. Potter also referred Tabron to a non-Panel chiropractor for treatment. In August, 1985, while continuing under Dr. Potter's care, Tabron also sought the opinion of Dr. Harvinder S. Pabla, an orthopedic surgeon who was a member of the Panel.

Following a hearing, the hearing examiner denied Tabron's claim for temporary total and temporary partial disability, but ordered the employer to pay the medical bills of Dr. Lightfoote, Dr. Potter, Dr. Reynolds, Dr. Pabla, and the chiropractor.[1] *See* D.C.Code § 36–307(a). The employer appealed, and the Director of DOES affirmed the decision of the hearing examiner.

II

Under the District of Columbia Workers' Compensation Act, employers must provide injured employees with "medical, surgical, [and] vocational rehabilitation services ...," in addition to workers' compensation benefits in the form of disability income. D.C.Code § 36–307(a). To obtain medical services, the employee must choose an "attending physician" from a panel of physicians appointed by the Mayor. *Id.* §§ 36–307(b)(1) & (3). The use of a physicians panel represents a compromise among alternative approaches to providing medical services under workers' compensation. *See* 2 A. Larson THE LAW OF WORKERS' COMPENSATION § 61.12(a) (1986). In some jurisdictions injured employees must use physicians supplied by their employer while in others the employee has essentially a free choice of physician. *Id.* The panel

---

1. The hearing examiner found that the chiropractor's last name was not discernable from the report.

approach, used in the District and some other jurisdictions, gives the employee freedom of choice within limits.

■ The Director of DOES has interpreted D.C.Code § 36–307(b) to allow an employee to obtain compensated medical service from non-Panel doctors to whom the employee has been referred by Panel doctors. This court will defer to the agency's construction of a controlling statute or regulation unless it is unreasonable or contrary to law. *See Lee v. District of Columbia Dept. of Employment Servs.*, 509 A.2d 100, 102 (D.C.1986); *Kramer v. District of Columbia Dept. of Employment Servs.*, 447 A.2d 28, 30 (D.C.1982). The employer contends the decision of the Director of DOES was unreasonable.

### A. Referrals to Non–Panel Members

■ First, the employer claims that the Director erred in finding that treatment by the doctors other than Dr. Lightfoote did not constitute an unauthorized change in physician. *See* D.C.Code § 36–307(d).[2] Regulations promulgated by DOES provide that "an injured employee shall not change from one physician to another ... without authorization of the insurer." 7 DCMR § 212.13 (1986); *King v. District of Columbia Dept. of Employment Servs.*, 560 A.2d 1067 (D.C.1989).

The statute is silent on the use of non-Panel physicians. *See* D.C.Code § 36–307. Confining referrals to Panel members, however, would severely restrict the exercise of medical judgment by physicians providing care under the Act pursuant to the ordinary doctor-patient relationship, a result not intended by the Council. *See* Report of the D.C. Council Committee on Public Services and Consumer Affairs on Bill 3–106, District of Columbia Workers' Compensation Act of 1979, January 16, 1980, at 11 (in adopting panel system rather than employer-selected doctors, the Council found that "the doctor-patient relationship

must be based on confidence, trust and conducted in the absence of a fear of bias."). Here the referral was initiated by the Panel physician, not the patient, and under those circumstances DOES's conclusion that this did not constitute an unauthorized change in physicians was reasonable. Tabron sought treatment from Dr. Potter on the basis of the medical judgment of her treating physician, Dr. Lightfoote. *Cf. id.* Dr. Lightfoote had previously worked in consultation with Dr. Potter and remained involved in Tabron's treatment even while referring her to other physicians. Both Dr. Potter and Dr. Pabla were members of the Panel when they treated Tabron.

We find persuasive the argument of DOES in its brief that, given the nature of modern medical practice, the statutory scheme contemplates referrals since it limits the employee to selecting only a single physician. *See Chaples v. Gilco, Inc.*, 280 A.2d 546 (Me.1971). Allowing referrals is, as DOES maintains, consistent with the policy reasons for adopting a Panel system rather than permitting the injured employee to select any physicians. The Panel system avoids the selection of medically unqualified physicians, *see* A. Larson, *supra*, § 61.12(b), and mitigates the problems of doctor-shopping by the employee seeking a favorable diagnosis. *See also* 7 DCMR § 212.13. Moreover, this case does not involve even a single referral by a non-Panel member, nor an initial referral by a Panel member followed by a succession of referrals, which could raise the same quality and cost concerns that the Panel system is designed to avoid. Finally, the Act provides employers with a remedy where an employee's doctor is prescribing unnecessary or improper treatment. *See* D.C.Code § 36–307(e) (employer can have DOES review appropriateness of an employee's diagnosis and course of treatment).

Since nothing in the statute or regulations prohibits referrals or purports to be

---

**2.** D.C.Code § 36–307(d) provides:
   If the employer fails to provide medical or other treatment, services and supplies required to be furnished by subsection (a) of this section, after request by the injured employee, such injured employee may procure such medical or other treatment, services, and supplies and select a physician from the panel ... at the expense of the employer.

exclusive with regard to referrals, *e.g.* D.C. Code § 36–307(b)(2) (special appointments to Panel in emergencies, for special medical needs or follow up care), and the employer has cited no authority contrary to DOES' interpretation, we find no basis for concluding that DOES' interpretation of the statute, permitting referrals by Panel members to non-Panel members without the employer's permission, is unreasonable.

### B. Liability for Bills of Non–Panel Members

■ Second, the employer contests its liability for the medical bills of physicians who are not members of the Panel. Because Drs. Lightfoote, Potter, and Pabla were all on the Panel, the only expenses at issue were those of Dr. Reynolds and the chiropractor. However, Tabron sought their services on the advice and reference of Dr. Potter.[3] D.C.Code § 36–307(a) provides,

> [T]he employer shall furnish [to its injured employees] such medical, surgical, vocational rehabilitation services, . . . for such period as the nature of the injury or the process of recovery may require.

Section (b) directs the Mayor to "appoint a panel of physicians to provide medical care under this chapter to injured employees."

Neither the statute nor the regulations expressly denies a claimant compensation for the medical expenses of non-Panel physicians to whom patients have been referred by a Panel physician. For reasons already discussed, DOES could reasonably conclude that if in the Panel-physician's judgment, treatment by other physicians is necessary, then the expenses of those other physicians, although not members of the Panel, would be covered by the Act. *See Chaples v. Gilco, Inc., supra,* 280 A.2d at 548–49 (reasonable cost of necessary diagnosis compensable under state workers' compensation statute).

■ In addition, we hold that the agency was not unreasonable in concluding that the expenses of a chiropractor are covered under the Act when a patient is referred for treatment. Although the Act and regulations do not specifically include chiropractic treatment, neither do they exclude it. The employer has not suggested why the exercise of judgment about such treatment is any less involved here than when the referral is to another physician. Therefore, it is appropriate for us to defer to the agency interpretation that the treatment by a chiropractor, when found medically necessary by the treating physician, is compensable under the Act.

*Affirmed.*

---

3. The Director corrected the hearing examiner's error that Dr. Lightfoote had referred Tabron to these physicians but found the factual error harmless.