CECO STEEL, INC., et al., Petitioners,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**George Butler, Intervenor.**

No. 88–555.

District of Columbia Court of Appeals.

Submitted Oct. 2, 1989.

Decided Nov. 30, 1989.

Robert C. Baker, Washington, D.C., was on the brief, for petitioner.

Frederick D. Cooke, Jr., Corp. Counsel at the time the brief was filed, with whom Charles L. Reischel, Deputy Corp. Counsel, and Martin B. White, Assistant Corp. Coun-

sel, Washington, D.C., were on the memorandum filed by respondent.

Robert B. Adams, Washington, D.C., was on the brief, for intervenor.

Before STEADMAN and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Petitioners, the employer and its insurer, seek review of a decision rendered by the Department of Employment Services (DOES) which imposed financial responsibility upon the employer, pursuant to the D.C. Workers' Compensation Act, D.C.Code § 36–301 *et seq.* (1988 Repl.), for medical expenses incurred by an employee for treatment of work-related injuries. The precise issue presented is whether the administrative agency, DOES, correctly interpreted the pertinent statute, D.C.Code § 36–307(b)(3) (1988 Repl.), in allowing the employee to obtain treatment from a second physician, having previously visited an emergency room and seen an initial physician for follow-up with the hospital clinic. We affirm.

George Butler sustained two traumatic injuries to his left leg and foot while working on a construction project for Ceco Steel. On August 14, 1985, two days after the last injury, Mr. Butler sought treatment at the Howard University Hospital emergency room. At the hospital, emergency room staff treated Mr. Butler and referred him for follow-up care to Dr. Frank Watkins. Mr. Butler first saw Dr. Watkins at the Howard University Hospital Orthopedic Clinic on September 30, 1985. Dr. Watkins prescribed physical therapy three times a week for Mr. Butler. Mr. Butler had two subsequent appointments with Dr. Watkins at the Howard University Hospital Clinic, on October 11, 1985, and October 18, 1985. On October 18, 1985, Dr. Watkins recommended that Mr. Butler return to work on October 21, 1985, and scheduled a fourth appointment for November 1, 1985. Mr. Butler did not keep this

appointment and, in fact, never returned to Dr. Watkins. Mr. Butler subsequently sought medical treatment from Dr. Charles Emich. Dr. Emich first saw Mr. Butler on March 28, 1986, and continued to treat him through March 1987 in an attempt to alleviate his symptomatology. Ultimately, Dr. Emich recommended surgery.

Petitioners, Ceco Steel and the National Union Fire Insurance Company, claimed that Mr. Butler's post emergency room follow-up treatment with Dr. Watkins was sufficient to establish a doctor-patient relationship and constitute a constructive selection under D.C.Code § 36–307(b)(3). They argued Mr. Butler's pursuit of treatment with Dr. Emich was an unauthorized change of physicians. Therefore, they should not be held liable for these medical expenses. Accordingly, they refused to satisfy Dr. Emich's bills or to assume liability for the cost of the surgery suggested by Dr. Emich. Petitioners also declined to pay Mr. Butler compensation benefits for his alleged disability.

Mr. Butler requested a hearing before DOES. The Hearing Examiner found that the Howard University Hospital emergency room referred Mr. Butler to Dr. Watkins and that Dr. Watkins saw Mr. Butler three times at the hospital clinic. He held that Mr. Butler did not exercise his statutory right to choose a treating physician until he consented to treatment by Dr. Emich. The Hearing Examiner also found that the course of treatment recommended by Dr. Emich was in Mr. Butler's best interest and held petitioners responsible for Dr. Emich's bill and for the cost of future medical treatment which Mr. Butler might require as a result of his work-related injuries.

Petitioners appealed to the Director of DOES. The Director noted that *Perry v. Madison Hotel*, H & AS No. 83–254 (November 1, 1984), had "established that merely going to a hospital for emergency treatment does not constitute a selection of a physician" under D.C.Code § 36–307(b)(3).[1] *Butler v. Ceco Steel Inc.,*

---

1. In *Perry*, an employee visited the emergency room two days after injuring his back while lifting heavy objects at work. *Perry v. Madison*

*Hotel,* H & AS No. 83–254 (November 1, 1984). The emergency room referred him to the hospital clinic where the employee had two appoint-

H & AS No. 86–684 (May 16, 1988). He further noted that Mr. Butler's three visits to Dr. Watkins were reasonable follow-up to emergency room treatment and held that "such limited, reasonable follow-up care resulting from hospital emergency room treatment does not constitute a selection of a physician" under D.C.Code § 36–307(b)(3). *Id.* He therefore concluded that Mr. Butler selected Dr. Emich as his treating physician and held Ceco Steel responsible for Mr. Butler's work-related medical expenses.

The D.C. Workers' Compensation Act, D.C.Code §§ 36–301 *et seq.* (1988 Repl.), provides that an injured employee may select a physician from a list approved by the Mayor. D.C.Code § 36–307(b)(3). The employer is obliged to pay for injury-related medical expenses incurred with the selected physician. D.C.Code § 36–307(a). Once the employee has selected a treating physician, he may not switch physicians without permission either from the insurer, 7 DCMR § 212.13 (1986), or from the Office of Workers' Compensation, 7 DCMR 212.14 (1986).

██ Our scope of review is generally limited to determining whether the interpretation by the agency charged with administering the statute is unreasonable or contrary to existing law. *Medical Associates of Capitol Hill v. District of Columbia Department of Employment Services,* 565 A.2d 86 (D.C.1989). Otherwise this court will defer to the agency's decision. *Id.*

██ The D.C. Workers' Compensation Act balances the right of employees to safe and adequate medical treatment of work-related injuries, *see e.g.,* Report of the D.C. Council Committee on Public Services and Consumer Affairs on Bill 3–106, District of Columbia Workers' Compensation Act of 1979, January 16, 1980, at 11, against the right of employers to protection against unreasonable or improper claims, *see e.g.,* 7 DCMR §§ 212.13, 212.14. The tension in-

herent in the resultant compromise arises from the need to provide employees with a meaningful opportunity to choose an attending physician and to protect employers from doctor-shopping by an employee seeking a favorable diagnosis. Viewed against the policies and goals of the Workers' Compensation Act, DOES' interpretation that accepting treatment as a result of emergency room care and reasonable follow-up care does not automatically constitute a selection under D.C.Code § 36–307(b)(3) is reasonable and in accordance with the law.

██ The critical issue in this case is whether Mr. Butler's follow-up care extended beyond reasonable limits and so became a constructive selection. Mr. Butler saw Dr. Watkins on three separate occasions in three weeks for follow-up care after a visit to the hospital emergency room. These visits did not occur in a private office or private clinic but at the hospital clinic by referral from the emergency room. Given the restricted nature of the contact between the employee and Dr. Watkins, we conclude that the DOES decision that Mr. Butler did not constructively select Dr. Watkins as his treating physician appears reasonable and in accordance with the law. We decline to establish a bright line test for reasonable follow-up care. However, the instant circumstances probably represent the outer limit of permissible follow-up care of emergency treatment within the meaning of the D.C. Workers' Compensation Act.

*Affirmed.*

---

ments and where several medical personnel attended him. *Id.* DOES concluded that under D.C.Code § 36–307(b)(3) emergency care does not constitute the selection of a physician and

held that the employee had not chosen his treating physician until he sought the services of a physician after his two appointments with the clinic. *Id.*