NATIONAL GEOGRAPHIC SOCIETY
and American Motorists Insurance
Company, Petitioners,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

Isaac Brown, Intervenor.

No. 97–AA–1705.

District of Columbia Court of Appeals.

Argued Nov. 18, 1998.

Decided Dec. 24, 1998.

Marvin L. Andersen, for petitioners.

Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief, for respondent.

Frank R. Kearney, Washington, DC, for intervenor.

Before WAGNER, Chief Judge, and TERRY and SCHWELB, Associate Judges.

WAGNER, Chief Judge:

Petitioners, National Geographic Society and American Motorists Insurance Company (collectively referred to as National), seek review of a decision of the District of Columbia Department of Employment Services (DOES), requiring National to pay the attorney's fees and costs of intervenor, Isaac Brown, in a workers' compensation case. National argues that DOES erred in interpreting § 36–330(b) of the District of Columbia Workers' Compensation Act as authorizing an award of attorney's fees and costs to a claimant where the employer has not refused to pay the claimant additional compensation upon recommendation of the Mayor or his agent. We conclude that § 36–330(b) does not authorize the payment of attorney's fees and costs where the employer and its carrier did not decline to pay additional compensation upon recommendation of the Mayor or his agent.

## I.

On January 18, 1990, Brown fell and injured his knee while working as a custodian for the National Geographic Society. National paid him temporary total disability benefits related to his knee injury from January 19, 1990 until November 25, 1991. Benefits were terminated based upon the employer's contention that Brown was capable of returning to work. A medical report of Dr. Randall Lewis dated November 25, 1991 states that "[Brown] has no residual disability as a result of his knee injury and he can return to his former duties at work as of the date of this examination." Brown filed an application for a formal hearing. At the hearing on June 17, 1992, Brown claimed that he still had debilitating back and knee pain as a result of his earlier injury. The hearing examiner found that Brown's continuing physical problems were "medically and causally" related to the injury that occurred on January 18, 1990. The examiner also found that Brown was unable to return to work because of a thirty-five percent permanent partial disability in his left leg.

On August 30, 1994, the hearing examiner ordered National to pay Brown's attorney's fees pursuant to D.C.Code § 36–330(b). National appealed to the agency's director, contending that § 36–330(b) by its terms, is not triggered unless the employer declines to pay

permanent disability benefits upon recommendation of the Mayor after an informal conference. The acting director of the agency rejected National's argument, concluding that "there is no statute, case law or evidence of local statutory intent which mandates that the claimant's attorney fees will only be paid by the employer if the claimant seeks to resolve the benefits dispute informally before a claims examiner prior to having a full evidentiary hearing." National petitioned for review of this decision.

## II.

National argues here, as it did before the agency, that Brown is not entitled to an award of attorney's fees under D.C.Code § 36–330(b) because the preconditions for such fees were not met. Specifically, National contends that since the Mayor or his agent never recommended a disposition of the dispute as to additional compensation, it did not refuse to accept such written recommendation within fourteen days after receipt, and therefore cannot be held liable for attorney's fees under D.C.Code § 36–330(b). Brown argues that this court should give deference to the agency's reasonable interpretation of the statute it administers. *See Lee v. District of Columbia Dep't of Employment Servs.,* 509 A.2d 100, 102 (D.C.1986); *Hively v. District of Columbia Dep't of Employment Servs.,* 681 A.2d 1158, 1160–61 (D.C.1996). We must decide whether DOES correctly interpreted § 36–330(b) as authorizing an award of attorney's fees and costs to Brown under these circumstances.

### a. *Standard of Review*

 In interpreting a statute, this court "must give weight to any reasonable construction of a regulatory statute that has been adopted by the agency charged with its enforcement." *Lee, supra,* 509 A.2d at 102.

Unless the agency's interpretation is plainly wrong or inconsistent with the statute, we will sustain it even if there are other constructions which may be equally reasonable. *Id.; Hively, supra,* 681 A.2d at 1160–61. However, the natural corollary of the agency deference proposition is that " 'we are not obliged to stand aside and affirm an administrative determination which reflects a *misconception of the relevant law* or a faulty application of the law.' " *Zenian v. Office of Employee Appeals,* 598 A.2d 1161, 1166 (D.C. 1991) (citing *Thomas v. District of Columbia Dep't of Labor,* 409 A.2d 164, 169 (D.C.1979)).

 In interpreting a statute, we first look to its language; "if the words are clear and unambiguous, we must give effect to its plain meaning." *James Parreco & Son v. District of Columbia Rental Hous. Comm'n,* 567 A.2d 43, 45 (D.C.1989) (citing *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C.1983) (en banc)) (further citation omitted). The intent of the legislature is to be found in the language used. *Id.* at 46 (citing *United States v. Goldenberg,* 168 U.S. 95, 102–03, 18 S.Ct. 3, 42 L.Ed. 394 (1897)). The burden on a litigant who seeks to disregard the plain meaning of the statute is a heavy one, and "[t]his court will look beyond the ordinary meaning of the words of a statute only where there are persuasive reasons for doing so." *James Parreco & Son,* 567 A.2d at 46 (internal quotations omitted). With these principles of statutory construction in mind, we examine the applicable statute in this case.

### b. *Analysis*

D.C.Code § 36–330 provides for attorney fees under the Workers' Compensation Act.[1] Subsection (b) of § 36–330, which is at issue in this case, provides:

---

1. Subsection (a), which the parties agree is not applicable here, provides:

 If the employer or carrier declines to pay any compensation on or before the 30th day after receiving written notice from the Mayor that a claim for compensation has been filed, on the grounds that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits thereafter utilizes the services of an attorney-at-law in the suc-

cessful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the Mayor, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

 D.C.Code § 36–330(a).

If the employer or carrier pays or tenders payment of compensation without an award pursuant to this chapter, and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the Mayor shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation, within 14 days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation and thereafter utilizes the services of an attorney-at-law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation. The foregoing sentence shall not apply if the controversy relates to degree or length of disability, and if the employer or carrier offers to submit the case for evaluation by physicians employed or selected by the Mayor, as authorized in § 36–307(e), and offers to tender an amount of compensation based upon the degree or length of disability found by the independent medical report at such time as an evaluation of disability found by the independent medical report at such time as an evaluation of disability can be made. If the claimant is successful in review proceedings before the Mayor or court in any such case, an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fees for claimant's counsel in accordance with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.

*Id.* The statute is clear and unambiguous in setting forth the circumstances under which a claimant can be awarded attorney's fees. Under the plain language of § 36–330(b), the employer is required to pay attorney's fees and costs only if it refuses after fourteen days to pay additional compensation as recommended by the Mayor in writing. *See C & P Tel. Co. v. District of Columbia Dep't of Employment Servs.,* 638 A.2d 690 (D.C. 1994).[2] Alternatively, the employer can, within the fourteen day period prescribed by statute, tender the amount to which it believes the employee to be entitled. D.C.Code § 36–330(b). In that event, a claimant who succeeds thereafter in obtaining a greater award than offered by the employer is entitled to attorney's fees "based solely upon the difference between the amount awarded and the amount tendered or paid . . . ." *Id.* The last sentence of D.C.Code § 36–330(b) reads: "In all other cases any claim for legal services shall not be assessed against the employer or carrier." *Id.* That language is the clearest expression of legislative intent to limit the circumstances under which the claimant may recover attorney fees to those outlined explicitly in the statute.

■ The express language of the statute does not authorize the award of attorney's fees to Brown. Here, there was no recommendation from the Mayor or his agent to resolve the controversy as to the additional compensation which the Act requires as a precondition to an award of attorney's fees. Brown could have sought a resolution of the controverted additional claim through informal procedures established by regulations. *See* 7 DCMR § 219 (1986). That procedure

2. In *C & P Tel.,* we stated that a person claiming compensation under the D.C. Workers' Compensation Act can recover attorney fees under only the following two circumstances:

first, if the employer refuses to pay "any compensation" for a work-related injury within thirty days of receiving written notice from the Mayor of "a claim for compensation," and the claimant consequently uses the services of an attorney to prosecute successfully his or her claim, D.C.Code § 36–330(a); and second, if an employer "pays or tenders payment of compensation without an award" but later refuses

to pay additional compensation claimed by the claimant within fourteen days of receiving a recommendation by the Mayor that the claim is justified, and the claimant uses the services of an attorney to recover the full amount claimed. D.C.Code § 36–330(b).

*Id.* at 693–94 (footnote omitted). Section 36–330(a) is related to the initial claim for compensation. In this case, the employer voluntarily paid the initial claim, and the parties agree that this case involves only a claim for additional compensation under § 36–330(b).

is available prior to the filing of an application for a formal hearing. 7 DCMR § 219.23. Once an application for a formal hearing is filed, however, all informal procedures must be terminated. *Id.* Both parties acknowledge that National never received a "recommendation by the Mayor" to pay Brown's claim. Instead, Brown chose to commence formal proceedings, thereby eliminating the opportunity for an informal resolution of the claim. The Workers' Compensation Act was designed to provide aggrieved workers with an inexpensive mechanism to pursue claims against employers. When claimants decline to use that informal procedure in favor of the formal claims procedure, they do so at the risk of increased expense to themselves and to the system.

Brown makes two principal arguments in support of the agency's interpretation of the statute to allow costs and attorney's fees in this case. These arguments focus on the legislative history and the general intent underlying the Workers' Compensation Act. First, he contends that the legislative history of the Act supports an assessment of attorney's fees for any claim that is not voluntarily paid by the employer and insurance carrier. He takes the position that the legislative history did not contemplate the use of an informal conference recommendation as a precondition to a subsequent award of attorney's fees. As support for his argument, Brown relies upon the report of the Committee on Public Services and Consumer Affairs, Bill 3–106, D.C. Workers' Compensation Act of 1979 (January 16, 1981) (PS/CA Report). With respect to attorney fees, however, the PS/CA Report cited by Brown simply urges the retention of a provision of the law which authorized attorney's fees "where a claim is contested and not voluntarily paid by the employer and insurance carrier .…" Nothing in the cited provision provides a persuasive reason for ignoring the plain language of D.C.Code § 36–330(b). *See James Parreco & Son, supra,* 567 A.2d at 45–46. Only by ignoring the language of the statute, which specifies the circumstances under which an award of attorney's fees is authorized and denies such fees in all other circumstances, can we uphold the result reached by the agency.

 Even less persuasive is Brown's second argument that the humanitarian purpose of the Act requires an interpretation which would avoid the delay which he contends would be entailed in the informal procedure. In applying the Act, we are aware of the principle "that workers' compensation laws are to be 'liberally construed for the benefit of the employee.' " *Jimenez v. District of Columbia Dep't of Employment Servs.,* 701 A.2d 837, 840 (D.C.1997) (citations omitted). While that principle allows doubts to be resolved favorably to the employee, it does not relieve the courts of the obligation to apply the law as it is written and in accordance with its plain meaning. The plain language of D.C.Code § 36–330(b) makes an award of attorney's fees appropriate, insofar as it is relevant here, only where a controversy develops over additional compensation and the employer declines to accept the Mayor's recommendation for resolution within fourteen days of its receipt.[3] That did not occur here.

For the foregoing reasons, the case is remanded with directions to modify the award to conform to this opinion.

*So ordered.*

---

**3.** In interpreting a comparable provision of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 928(b) (1986), the United States Court of Appeals for the Fifth Circuit similarly held that an award of attorney's fees was appropriate only if the dispute had been the subject of an informal conference. *FMC Corp. v. Perez,* 128 F.3d 908, 910 (5th Cir.1997). Therefore, the court determined that attorney's fees were not authorized where the parties had settled the matter before resorting to the informal dispute resolution mechanism, which was a statutory precondition. *Id.; see also Todd Shipyards Corp. v. Director, Office of Workers Compensation Programs,* 950 F.2d 607, 610 (9th Cir.1991). *But see National Steel & Shipbuilding Co. v. United States Dep't of Labor,* 606 F.2d 875, 882 (9th Cir.1979), where the court concluded that Congressional intent imposed liability for attorney's fees for disputed claims whether or not the employer had rejected an administrative recommendation. The difficulty with the analysis in *National Steel* is that the court resorted to legislative intent without addressing the statutory language or determining whether the statute was clear and unambiguous.