**PROVIDENCE HOSPITAL, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent,**

and

**Veronica Gourzong–Rose, Intervenor.**

No. 03–AA–129.

District of Columbia Court of Appeals.

Argued Jan. 28, 2004.

Decided July 29, 2004.

Alan D. Sundburg, with whom Jeffrey W. Ochsman, Washington, DC, was on the brief, for petitioner.

Charles L. Reischel, Deputy Corporation Counsel at the time the briefs was filed, filed a statement in lieu of brief, for respondent.[1]

Benjamin T. Boscolo, for intervenor.

Before STEADMAN and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

WASHINGTON, Associate Judge:

Petitioner Providence Hospital ("Providence") seeks review of a decision of the District of Columbia Department of Employment Services ("DOES") requiring Providence to pay intervenor Veronica Gourzong–Rose's ("Gourzong–Rose") attorney's fees pursuant to D.C.Code § 32–1530(b)(2001).[2] Providence contends that the DOES erred in awarding attorney's fees under § 32–1530(b), arguing that the agency's decision was contrary to the plain language of the statute. Specifically, Providence argues that an award of attorney's fees under § 32–1530(b) is contin-

---

1. While this appeal was pending, the title of the District's chief attorney was changed. The Corporation Counsel is now officially known as the Attorney General for the District of Columbia. *See* Mayor's Order No. 2004–92 (May 26, 2004), 51 D.C. Register 6052.

2. Formerly D.C.Code § 36–330(b)(1981).

gent upon a specific sequence of events, including an employer's rejection of the Mayor's written recommendation in the case. Providence contends that, because it did not reject the Mayor's recommendation in this case, Gourzong–Rose was not entitled to attorney's fees. We agree with Providence and hold that § 32–1530(b) requires that an employer/insurer reject the Mayor's recommendation before attorney's fees may be awarded to the claimant. Because it was the claimant in this case, and not the employer, who rejected the Mayor's recommendation, the DOES' decision to affirm an award of attorney's fees was plainly erroneous and inconsistent with the statute and with our prior case law. *See National Geographic Soc'y v. District of Columbia Dep't of Employment Servs.*, 721 A.2d 618 (D.C.1998). Accordingly, we reverse the decision of the DOES and remand the case with directions to modify the award to conform to this opinion.[3]

## I.

In 2000, Gourzong–Rose sought compensation benefits from her employer Providence for back injuries she sustained during her tenure as a critical care technician at the hospital. Providence accepted Gourzong–Rose's claim for compensation and paid her temporary total disability benefits. In an effort to seek additional benefits, however, Gourzong–Rose filed a claim and requested an informal conference with the Office of Workers' Compensation. On October 10, 2000, a few weeks after an informal conference was held, a claims examiner issued a written recommendation denying Gourzong–Rose her claim for additional benefits. Gourzong–Rose then rejected the recommendation and requested a formal hearing with the Office of Hearings and Adjudications.

On March 15, 2001, an Administrative Law Judge ("ALJ") issued a Compensation Order awarding Gourzong–Rose temporary partial disability. The ALJ ordered Providence "to pay the above-referenced compensation in addition to the compensation that it had already voluntarily paid to Claimant in connection with her work injury." On September 14, 2001, Gourzong–Rose's counsel petitioned for attorney's fees pursuant to § 32–1530(b). When asked to show cause why attorney's fees should not be granted, Providence argued that the circumstances in this case did not fall within the parameters of § 32–1530(b). On January 10, 2002, the ALJ issued an order awarding attorney's fees to Gourzong–Rose. Providence filed an application for review of the ALJ's order with the Office of the Director of DOES.

On January 17, 2003, the Director affirmed the ALJ's order. In his decision, the Director interpreted § 32–1530(b) according to what he thought was its plain meaning, stating, "it is apparent that the purpose of this code provision is to enable an employee to recover attorney's fees in the event that she successfully engages in litigation for the purpose of obtaining additional compensation (above and beyond any initial voluntarily-paid compensation)." The Director rejected Providence's interpretation of the statute, because in his view, Providence's interpretation would have rendered superfluous a later portion of the statute, which provides that:

**3.** In her principal brief, Gourzong–Rose also challenges this court's jurisdiction to hear an appeal in which attorney's fees is the only issue. Gourzong–Rose raised the same issue in a previous motion to dismiss, which a panel of this court denied prior to briefing in the case. We see no reason to disturb our ruling on that motion. *See Baghini v. District of Columbia Dep't of Employment Servs.*, 525 A.2d 1027 (D.C.1987).

If the employee refuses to accept such payment or tender of compensation and thereafter utilizes the services of an attorney-at-law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation.

D.C.Code § 32–1530(b). Because in his view, Providence's interpretation could not be reconciled with this provision of the statute, the Director affirmed the ALJ's decision. Providence appeals to this court.

## II.

### A. Standard of Review

Our review of administrative agency decisions is limited. *See Oubre v. District of Columbia Dep't of Employment Servs.*, 630 A.2d 699, 702 (D.C.1993). We must affirm an agency decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Clark v. District of Columbia Dep't of Employment Servs.*, 772 A.2d 198, 201 (D.C.2001). We will not disturb an agency ruling as long as the decision flows rationally from the facts, and the facts are supported by substantial evidence in the record. *See Oubre*, 630 A.2d at 702.

In our review of DOES decisions, we review the decision of the Director, not the hearing examiner. *See St. Clair v. District of Columbia Dep't of Employment Servs.*, 658 A.2d 1040, 1044 (D.C.1995). We review the Director's legal conclusions *de novo*. *See Mills v. District of Columbia Dep't of Employment Servs.*, 838 A.2d 325, 329 (D.C.2003). "Recognizing agency expertise, however, we accord great weight to any reasonable construction of a statute by the agency charged with its administra-

tion." *Id.* "The interpretation of the agency is binding unless it is plainly erroneous or inconsistent with the enabling statute." *Lee v. District of Columbia Dep't of Employment Servs.*, 509 A.2d 100, 102 (D.C. 1986). Therefore, we generally sustain the agency's interpretation of the statute even though there may be alternative, reasonable constructions. *See id.*

Our first step when interpreting a statute is to look at the language of the statute. *See National Geographic*, 721 A.2d at 620. We are required to give effect to a statute's plain meaning if the words are clear and unambiguous. *See Office of People's Counsel v. Public Serv. Comm'n*, 477 A.2d 1079, 1083 (D.C.1984). "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used." *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983). Furthermore, "in examining the statutory language, it is axiomatic that 'the words of the statute should be construed according to their ordinary sense and with the meaning commonly attributed to them.'" *Peoples Drug Stores*, 470 A.2d at 753 (quoting *Davis v. United States*, 397 A.2d 951, 956 (D.C.1979)).

### B. Analysis

The D.C. Workers' Compensation Act authorizes a claimant to recover attorney's fees in only two situations. First, "if the employer refuses to pay 'any compensation' for a work-related injury within thirty days of receiving written notice from the Mayor of 'a claim for compensation,' and the claimant consequently uses the services of an attorney to prosecute successfully his or her claim." *C & P Tel. Co. v. District of Columbia Dep't of Employment Servs.*, 638 A.2d 690, 693 (D.C.1994) (quoting D.C.Code § 36–330(a)(1981), reco-

dified at D.C.Code § 32–1530(a)(2001)). Second, a claimant may recover attorney's fees if an employer voluntarily pays or tenders compensation without an award "but later refuses to pay the additional compensation claimed by the claimant within fourteen days of receiving a recommendation by the Mayor that the claim is justified, and the claimant uses the services of an attorney to recover the full amount claimed." *C & P Tel. Co.*, 638 A.2d at 693.

It is undisputed that the determination of attorney's fees in this case is governed by D.C.Code § 32–1530(b). The statute provides:

> If the employer or carrier pays or tenders payment of compensation without an award pursuant to this chapter, and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the Mayor shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation, within 14 days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation and thereafter utilizes the services of an attorney-at-law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation. The foregoing sentence shall not apply if the controversy relates to degree or length of disability, and if the employer or carrier offers to submit the case for evaluation by physicians employed or selected by the Mayor, as authorized in § 32–1507(e), and offers to tender an amount of compensation based upon the degree or length of disability found by the independent medical report at such time as an evaluation of disability can be made. If the claimant is successful in review proceedings before the Mayor or court in any such case, an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel in accordance with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.

Providence argues that an award of attorney's fees in this case was invalid because such a result contradicts the plain language of the statute. Specifically, Providence contends that "[t]he language of § 32–1530(b) sets forth a series of conditions under which an award of attorney's fees may be assessed against the employer." One of these conditions, Providence argues, is the employer's rejection of the Mayor's written recommendation. Because it was Gourzong–Rose who rejected the Mayor's recommendation, and not Providence, Providence argues that an award of attorney's fees was improper. To further support its argument, Providence points to the last line of the statute, which expressly states that "[i]n all other cases any claim for legal services shall not be assessed against the employer or carrier." D.C.Code § 32–1530(b).

■ In interpreting the statute, our "first step" is to determine whether the statute's language is clear and unambiguous. *National Geographic*, 721 A.2d at 620. If it is, we give effect to the plain meaning of the statute. *Id.* Based on our current reading of the statute and our prior case law, we conclude that § 32–

1530(b)[4] "is clear and unambiguous in setting forth the circumstances under which a claimant can be awarded attorney's fees." *Id.* at 621. The plain language of the statute clearly mandates that an employer's rejection of the Mayor's written recommendation is a prerequisite to the claimant recovering attorney's fees. If the employer agrees with the Mayor's recommendation and acts in accordance with that recommendation, the claimant is barred from recovering attorney's fees.

Although we primarily rely on the plain language of § 32–1530(b), our prior decision in *National Geographic*, in which we interpreted the same statute, gives us guidance in deciding this case. In *National Geographic*, the employer voluntarily paid the claimant disability compensation for several months, but terminated payments upon its belief that the claimant was capable of returning to work. The claimant then filed an application for a formal hearing, and was awarded additional compensation based on the hearing examiner's conclusion that the claimant suffered from a permanent partial disability. Thereafter, the hearing examiner ordered the employer to pay the claimant attorney's fees. The employer appealed to the director of the DOES, contending, as Providence does here, that the preconditions for an award of fees under § 36–330(b), the former version of § 32–1530(b), were not met. Specifically, the employer argued that because the Mayor never issued a recommendation in the case, the employer never rejected the recommendation. Thus, the employer contended that the requirement set forth in the statute was not met, and an award of attorney's fees in such a case was contrary to the plain meaning of the statute.

We agreed with the employer in *National Geographic* and held that an award of attorney's fees was contrary to the plain meaning of the statute. Finding that the statute's language was clear and unambiguous, we held that "36–330(b) does not authorize the payment of attorney's fees and costs where the employer and its carrier did not decline to pay additional compensation upon recommendation of the Mayor or his agent." *National Geographic*, 721 A.2d at 619. We concluded that the "express language of the statute" did not authorize an award of attorney's fees because there was "no recommendation from the Mayor or his agent to resolve the controversy." *Id.* at 621. An award of attorney's fees under the statute was only appropriate, we stated, "where a controversy develops over additional compensation and the employer declines to accept the Mayor's recommendation." *Id.* at 622.

In this case, as in *National Geographic*, the express language of the statute fails to authorize an award of attorney's fees. Here, Gourzong–Rose, unlike the claimant in *National Geographic, did* seek a recommendation from the Mayor by filing a request for an informal adjudication. The recommendation, however, was unfavorable to her because it denied her claim for benefits. Providence, acting in accordance with the Mayor's recommendation, refused to pay Gourzong–Rose additional compensation, and Gourzong–Rose thereafter sought compensation through the formal adjudicatory process. The statute clearly did not apply because Providence never rejected the Mayor's recommendation.

Gourzong–Rose argues that the Mayor's written recommendation is irrelevant to the award of attorney's fees in this case. She argues that "the assessment of attor-

**4.** Our opinion in *National Geographic* refers to D.C.Code § 36–330(b)(1981), the earlier codification of § 32–1530(b). The 1981 and 2001 editions, however, are identical in their language.

ney's fees under this statutory section is predicated upon a claimant's using the services of an attorney-at-law to secure compensation greater than the amount voluntarily paid or tendered by the employer." Although Gourzong–Rose contends that the Mayor's written recommendation is important in that it ignites the employer's "obligation to pay or tender the additional compensation, if any, which they believe the employee is entitled to receive," she maintains that the recommendation itself is "irrelevant" to the actual award of fees. Rather, she argues, "the Act focuses solely on the claimant's actions after the tender or non-tender of additional compensation by an employer after the issuance of a recommendation."[5]

 Gourzong–Rose's selective reading of the statute is inconsistent with its plain language. The statute is specific in setting forth the requisite conditions for a claimant to recover attorney's fees, and leaves no discretion to the agency or court to decide cases in which all the conditions are not met. To the contrary, the statute expressly excludes "all other cases" than those that meet the statute's criteria. Although Gourzong–Rose would have us read the statute as completely disregarding the employer's role in rejecting the Mayor's recommendation, such a reading would be inconsistent with the statute's plain language. "Each provision of the statute should be given effect, so as not to read any language out of a statute 'whenever a reasonable interpretation is available that can give meaning to each word in the statute.'" *Board of Dirs. of the Wash. City Orphan Asylum v. Board of Trs. of*

the Wash. City Orphan Asylum*, 798 A.2d 1068, 1080 (D.C.2002) (quoting *School St. Assocs. Ltd. P'ship v. District of Columbia,* 764 A.2d 798, 807 (D.C.2001) (en banc)). As such, we hold that the plain language of § 32–1530(b) authorizes an award of attorney's fees only when the express conditions of the statute are met, including the employer's rejection of the Mayor's written recommendation in the case.

For the foregoing reasons, the decision of the DOES is reversed and the case remanded with directions to modify the award to conform to this opinion.

*So ordered.*

---

**5.** At oral argument, Gourzong–Rose also argued that § 32–1530(b) is ambiguous when read with D.C.Code § 32–1515(a), which states that compensation under the Act "shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." We find no ambiguity or inconsistency here. Section 32–1515(a) merely sets forth the method for the payment of compensation, not the standard under which attorney's fees may be assessed against an employer.