Mcleese, Associate Judge, dissenting:
Petitioner Shuron Turner seeks an award of attorney's fees in connection with her worker's compensation claim. I agree with the court that Ms. Turner is not entitled to a fee award under D.C. Code § 32-1530(a) (2012 Repl.). Ante at 158-59. The court also holds that Ms. Turner is not entitled to a fee award under D.C. Code § 32-1530(b). Ante at 159-63. In my view, the court should remand that issue to the Compensation Review Board (CRB) for further consideration. I therefore respectfully dissent.
Section 32-1530(b) provides in certain circumstances for an award of attorney's fees to a successful claimant in a worker's *163 compensation proceeding. For the claimant to be eligible for an award, the employer or insurance carrier must "refuse to accept" an informal administrative recommendation as to the amount of compensation to which the claimant is entitled. D.C. Code § 32-1530(b). In the present case, a claims examiner recommended that Ms. Turner be compensated for a seven-percent permanent partial disability to the right upper extremity, with a recommended overall award of $ 10,552.40. The employer, respondent Washington Metropolitan Area Transit Authority (WMATA), initially submitted a letter indicating that it accepted that recommendation. Ms. Turner also initially indicated that she intended to accept the recommendation, and she asked WMATA to hold off on paying Ms. Turner until the claims examiner converted the jointly accepted recommendation into a final order. WMATA subsequently took the position, however, that it was entitled to set off the recommended award against payments WMATA had made to Ms. Turner in connection with an unrelated worker's compensation award that was subsequently vacated. The amount of the claimed set off was $ 14,303.34. Ms. Turner thereafter rejected the recommendation. Ms. Turner claims, and WMATA does not dispute, that WMATA made no payments pursuant to the recommended award in this case. In subsequent formal administrative proceedings, Ms. Turner established that she was entitled to compensation for a thirteen-percent permanent partial disability and that WMATA was not entitled to a set-off.
Ms. Turner then applied for attorney's fees. An Administrative Law Judge (ALJ) denied the application. The ALJ gave two reasons for its ruling: (1) WMATA submitted a letter accepting the recommended award; and (2) Ms. Turner herself rejected the recommended award and filed a formal application for an administrative hearing. The ALJ did not address Ms. Turner's contention that WMATA made no payments pursuant to the recommended award.
Ms. Turner sought review before the CRB, contesting both of the ALJ's conclusions. The CRB affirmed, relying solely on the conclusion that WMATA's "mere mention of a credit it thought it was owed" did not constitute a rejection of the recommended award. The CRB did not address Ms. Turner's contention that WMATA made no payments pursuant to the recommended award. The CRB also did not address the ALJ's conclusion that Ms. Turner was barred from recovering attorney's fees because she eventually rejected the recommended award and applied for a formal hearing.
The court appropriately disavows the ALJ's apparent view that merely writing a letter stating that an award is accepted suffices to qualify as acceptance of the award for purposes of § 32-1530(b), even if no payment is actually made. Ante at 162. In my view, such an approach would be contrary to both law and common sense. As far as law goes, we have previously indicated that it is not enough under § 32-1530(b) for an employer to say that it accepts a recommended award; rather, the employer must "act[ ] in accordance with that recommendation." Providence Hosp. v. District of Columbia Dep't of Emp't Servs. , 855 A.2d 1108, 1113 (D.C. 2004) ; see id. at 1112 (focusing on whether employer "refuses to pay") (internal quotation marks omitted). As far as common sense goes, § 32-1530(b) 's evident purpose is to authorize a fee award when a claimant is required to use the services of an attorney in order to get compensation because the employer declines to provide compensation in conformity with a recommended award. See *164 Fluellyn v. District of Columbia Dep't of Emp't Servs. , 54 A.3d 1156, 1160 (D.C. 2012) ("[A] claimant may recover attorney's fees if the employer ... refuses to pay additional compensation recommended by the agency after an informal conference, and the claimant uses an attorney to recover a greater amount via an award of compensation.") (citing D.C. Code § 32-1530(b) ). It would not make sense to permit employers to frustrate that purpose by simply purporting to accept a recommended award but then refusing to actually make payments in accordance with the recommended award.
It is undisputed that WMATA never actually made any payments pursuant to the recommended award, and WMATA thus did not act "in accordance with th[e] recommendation." Providence Hosp. , 855 A.2d at 1113. It therefore would seem at first blush that WMATA should be viewed as having rejected the recommended award. The court instead repeatedly characterizes WMATA as having accepted the recommended award. E.g. , ante at 160. I disagree with the court's analysis in several respects.
First, the court's analysis depends critically on repeated characterizations of WMATA as only having tentatively raised the possibility of a credit. Ante at 160-61 ("WMATA merely advised Ms. Turner, informally, and by email, that it 'may' seek a 'credit' "), 161-62 (describing WMATA as "simply ... informally emailing Ms. Turner of the possibility of that it would seek a credit"), 162 (WMATA said "that it might seek a potential credit"). The CRB similarly characterized WMATA's position, referring to WMATA as making a "mere mention of a credit it thought it was owed." These repeated characterizations are indisputably inaccurate. In fact, WMATA stated unequivocally that it "is going to allege a credit." Moreover, WMATA acted in accordance with its clearly stated position, making no payments pursuant to the recommended award. WMATA's actual position and conduct thus squarely contradict the court's statement that "the record reflects" that WMATA "accept[ed] the recommendation in full" and "intended to tender the full amount recommended by the Mayor." Ante at 160.
Second, the court suggests that it is really Ms. Turner's fault that WMATA rejected the recommended award, because Ms. Turner also rejected the award. Ante at 162. As is discussed infra at 165-66, the CRB did not rely on such a theory. In any event, the court's suggestion seems to me to misunderstand the sequence of events. WMATA communicated its refusal to make payments pursuant to the recommended award first, before Ms. Turner rejected the award. Ms. Turner therefore cannot reasonably be viewed as responsible for WMATA's rejection of the recommended award.
In sum, I see no adequate basis for the CRB's conclusion that WMATA did not reject the recommended award. I therefore would vacate the order of the CRB and remand for the CRB to address the other bases upon which WMATA argues against a fee award. The court, however, goes on to address and decide one of those alternative bases: that Ms. Turner's subsequent decision to reject the recommended award by itself precludes a fee award. Ante at 160-63. In my view, affirming on that basis is impermissible under well-settled principles of administrative law. The CRB did not decide whether Ms. Turner's fee claim was barred by Ms. Turner's subsequent rejection of the recommended award, and although the ALJ did seem to rely on that theory, the ALJ provided no explanation or analysis on the point.
The court suggests that the CRB did decide this issue, ante at 158-59, 162, but I do not agree. First, the court describes the CRB as having rejected Ms. Turner's *165 claim for attorney's fees "because she rejected the ... recommendation after WMATA had accepted the recommendation." Ante at 158. I see no support for this description of the CRB's decision. The sole basis for the CRB's decision, found on page four of the CRB's decision, is that WMATA did not reject the recommended award. On page three of its opinion, the CRB does quote WMATA's argument that Ms. Turner rejected the recommended award, but the CRB does not adopt or express approval of that argument. Second, the court states that the CRB "implicitly agreed" with the theory that Mr. Turner was foreclosed from a fee award because she rejected the recommended award. Ante at 162. According to the court, the CRB signaled its implicit acceptance of that theory by "largely relying on our decision in Providence Hospital ." Id. This is a puzzling line of reasoning, because Providence Hospital involved a very different issue from the issue in the present case. In Providence Hospital , the employer never rejected the recommended award. 855 A.2d at 1110. As the court explained, in such cases an express statutory requirement under D.C. § 32-1530(b) is not met. Id. at 1110, 1112-13. The court in Providence Hospital thus had no occasion to consider what should happen where, as in the present case, an employer first rejects a recommended award, the claimant thereafter rejects the recommended award, and the claimant subsequently establishes an entitlement to compensation greater than the recommended award.
We ordinarily must remand for the agency to determine whether to accept an alternative rationale and to explain the agency's reasoning. See, e.g. , M.C. Dean, Inc. v. District of Columbia Dep't of Emp't Servs. , 146 A.3d 67, 75 (D.C. 2016) (remanding case to CRB because the ALJ "failed to explain its reasoning") (brackets and internal quotation marks omitted); Apartment & Office Bldg. Ass'n v. Pub. Serv. Comm'n , 129 A.3d 925, 930 (D.C. 2016) ("Generally, an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained.") (internal quotation marks omitted); Brown v. District of Columbia Dep't of Emp't Servs. , 83 A.3d 739, 751-52 (D.C. 2014) ("In accordance with our usual practice, we will not attempt to construe the statutory provisions before the agency charged with administering them has done so; we think it inadvisable for this court to attempt to review the issue on this record without a clearer exposition by the agency of its statutory analysis in light of the facts of this case and the broader considerations presented by the issue.") (internal quotation marks omitted); Hensley v. District of Columbia Dep't of Emp't Servs. , 49 A.3d 1195, 1205 (D.C. 2012) ("acknowledg[ing] the CRB's expertise and responsibility for administering the Workers' Compensation Act, [court] conclude[s] that the appropriate course is to remand the case to enable the CRB to consider [a statutory interpretation issue] in the first instance") (brackets, ellipses, citation, and internal quotation marks omitted).
There are exceptions to the general rule against affirming agency action on grounds that the agency did not rely upon and adequately explain. E.g. , Apartment & Office Bldg. Ass'n , 129 A.3d at 930 (such affirmance is permissible where remand would be futile because (a) it is clear agency would reach same result or (b) agency could permissibly reach only one conclusion). The court does not invoke any such exception in this case, and none is apparent to me. To the contrary, I see no permissible basis for this court to decide for itself, without input from the CRB, whether *166 Ms. Turner's subsequent rejection of the recommended award precludes a fee award. To the contrary, it seems to me unclear whether Ms. Turner's rejection of the recommended award should by itself preclude a fee award, even if WMATA had already refused to make payments pursuant to the recommended award. Section 32-1530(b) by its terms does not tie the availability of a fee award to the claimant's decision to accept or contest the recommended award. The court appears to conclude that § 32-1530(b) implicitly precludes a fee award whenever the claimant contests the recommended award, even if the employer had previously refused to make payments pursuant to the recommended award and (as in this case) the claimant later establishes an entitlement to benefits in an amount greater than the recommended award. Ante at 160-63. In reaching that conclusion, the court decides an issue of statutory construction that the court should not decide without getting the benefit of the CRB's expertise.
Although I would leave this issue to be decided by the CRB in the first instance, I note briefly that I have a number of reservations about the points the court makes in support of its conclusion that a claimant's decision to contest a recommended award by itself precludes a fee award, even if the employer has previously rejected the recommended award. Ante at 160-62.
(1) I agree that a recommended award does not become binding unless accepted by the parties, and that once a recommended award has been rejected the informal process ends. Ante at 160-61. It does not logically follow from either of these propositions, however, that a claimant's decision to contest a recommended award precludes a fee award if the employer refuses to make payments pursuant to a recommended award and the claimant later establishes a right to compensation in an amount greater than was recommended. For example, when an employer completely rejects a recommended award and refuses to make any payment, the award does not become binding and the informal process ends. Nevertheless, the employer will be liable to pay attorney's fees if the claimant later establishes an entitlement to an award. Thus, the obligation to pay attorney's fees can arise even if the recommended award never became binding and the informal process ended.
(2) I do not understand the court's apparent concern that employers might be effectively forced to make unwarranted payments pursuant to a recommended award, out of a fear that they would be held liable for a fee award because they rejected the recommended award. Ante at 160 n.3. Section 32-1530(b) authorizes a fee award only if the amount awarded after a hearing "is greater than the amount paid or tendered" by the employer pursuant to the recommended award. Thus, an employer who believes that a recommended award is excessive or unwarranted can choose to make lesser payments or none at all, and if the employer's position is later upheld after a formal hearing, the employer will not be responsible for attorney's fees under § 32-1530(b).
(3) Permitting recovery of fees in a case such as the present one also would not be "incongruously treating the employer as bound by a settlement that the employee rejected." Ante at 161. Rather, it would create an incentive for employers, during the period of further litigation, to pay at least the recommended amount, in order to avoid the possibility of having to pay attorney's fees if the claimant later were able to establish an entitlement to an award that was even greater than the recommended amount. Such an approach may or may not on balance be good policy and may or may not be the best reading of the applicable *167 provisions. Those are issues that I would leave to the CRB in the first instance. But such an approach is not reasonably described as treating the recommended award as in some sense binding on the employer but not the claimant.
(4) National Geographic Society v. District of Columbia Department of Employment Services , 721 A.2d 618 (D.C. 1998), is readily distinguishable from this case. In National Geographic , a claimant sought a fee award under § 32-1530 (b) (then codified at D.C. Code § 36-330(b) ) even though the claimant had never sought an informal recommendation and the employer therefore had never refused to make payments pursuant to such a recommendation. 721 A.2d at 621. The court correctly concluded that a fee award was unavailable in those circumstances, under the plain language of what is now § 32-1530(b). Id. at 621-22. That holding sheds little light on the different question presented in this case, in which a recommended award was issued, the employer refused to make payments pursuant to that recommendation, and the claimant subsequently established an entitlement to an award greater than what was recommended.
For the foregoing reasons, I respectfully dissent.